THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD CHARBONEAU, Defendant-Appellant.

Fifth District   No. 76-99

Opinion filed March 18, 1977.

Michael J. Rosborough and A. Michael Kopec, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Michael K. Grabowski, State's Attorney, of Pinckneyville (William B. Starnes and Bruce D. Irish, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

Defendant, Richard Charboneau, was charged in the circuit court of Perry County with the offense of armed robbery. Following a jury trial defendant was found guilty as charged and sentenced to a term of four to five years imprisonment. Defendant appeals the judgment entered by the court.

The sole question raised on appeal is whether the trial court erred in denying defendant's motion to suppress his confession.

Briefly stated, the facts in this case are that defendant robbed Melvin Crown of money while holding a knife during a fair in DuQuoin. Immediately thereafter, following a brief chase, defendant was apprehended. At the police station, after having been advised of his rights, defendant made oral statements confessing to the crime which statements were tape-recorded and subsequently transcribed. The State's evidence at trial consisted primarily of the positive identification testimony of Crown and another eye-witness and of the transcribed confession of defendant. Defendant presented no evidence.

Defendant contends that his confession was involuntarily made because it was the product of a promise made by the interrogating officer, Officer Lively. Defendant argues that, as reflected in the confession transcript, Lively impliedly promised that defendant could possibly receive a sentence of probation and that had defendant known that he could not receive probation for armed robbery, he would not have confessed.

It is well settled that the State has the burden of proving the voluntariness of a confession by a preponderance of the evidence, and a trial court's determination thereof will not be disturbed unless it is shown to be contrary to the manifest weight of the evidence. (*People v. Buxton*, 28 Ill. App. 3d 429, 328 N.E.2d 703; *People v. Coddington*, 123 Ill. App. 2d 351, 259 N.E.2d 382.) Whether specific language amounts to a promise such as would render a confession involuntary depends upon the language used and the circumstances surrounding it. *People v. Buxton; People v. Higgins*, 50 Ill. 2d 221, 278 N.E.2d 68, *cert. denied*, 409 U.S. 855, 34 L. Ed. 2d 100, 93 S. Ct. 195.

The portion of the transcript material here is as follows:

"Lively: Still having those rights in mind do you, are you still willing to talk to me?

Charboneau: Yea.

Lively: I told you from the start that, what a Police Officer can not do, can't promise you anything—

Charboneau: Yes.

Lively: at all. If I remember correctly, you asked me if you did was it possible to get probation.

Charboneau: Yea.

Lively: This I told you we, I believe my answer was we can not talk to the judge, and I also told you, I believe that to my opinion you would be checked through your local police department, through Children Family Services, and every other place possible to check to obtain recommendation whether to be on probation or not on probation * * * And most the time a probation officer Mr. Ivan Heape is the man that gives this preliminary report or court report or whatever the proper word is. And I know Ivan well enough to know that it will be thorough, if he runs it. I also know Ivan well enough to know that there's no leg pulling. That we might as well get straight to start with.

Charboneau: Yea.

Lively: Alright, do you want to tell me, in your own words, what happened last night?

Charboneau: I walked up with a pocket knife and asked for his money, he gave me his money and I ran."

Defendant then explained the details of the crime.

At the hearing on defendant's motion to suppress it was established that neither defendant nor Lively were aware that probation cannot be imposed upon a conviction for armed robbery. It is also undisputed that the confession was not a result of any police misconduct except to the extent defendant contends that it was constructive misconduct for Lively to have allegedly promised him that probation was a possible sentence.

■■ ■ We find, however, that read in context the officer's words cannot be construed nor could they have been understood as a promise of anything at all. To the contrary, Lively specifically stated that he could promise nothing and that he could not even talk to the sentencing judge, presumably about defendant's cooperation. Rather, from the context it is clear that defendant was prompted in part by an erroneous belief that he might possibly receive probation, a belief which the officer did not know to be incorrect. From a broader view, defendant acted on the belief that his cooperation might lead to a more lenient sentence. No public policy should castigate a confession merely because it may have been prompted by the accused's hope that cooperation might increase his chances of a

lenient sentence. (*United States v. Springer* (7th Cir. 1972), 460 F.2d 1344.) To the extent defendant believed that he actually would receive a sentence of probation, such only arose internally from the operation of defendant's mind. (See *People v. Coddington*, 123 Ill. App. 2d 351, 259 N.E.2d 382.) The officer, clearly, had not promised that defendant would receive probation nor did he purport to state what chance, if any, defendant had of receiving probation. On the other hand, the evidence shows that defendant knew that he could be subjected to a sentence of imprisonment. Consequently, we find no basis to disturb the determination of the trial court and accordingly we affirm the judgment entered by the circuit court of Perry County.

Affirmed.

CARTER, P. J., and KARNS, J., concur.